**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Terrell Avalon Lancaster,<br><br>    Plaintiff<br>v.<br><br>Clark County, et al.,<br><br>    Defendants | Case No.: 2:25-cv-01986-JAD-EJY<br><br>**Order Denying Motion for Temporary Restraining Order and Motion for Order to Show Cause**<br><br>[ECF Nos. 2, 3] |

Pro se plaintiff Terrell Avalon Lancaster sues Clark County, the District Attorney's Family Support Division (DFAS), and various district attorneys, DFAS agents, and state-court judges for alleged constitutional violations stemming from his state-court child-support proceedings. He moves ex parte for a temporary restraining order enjoining all defendants from taking any enforcement actions in his state-court case. Because Lancaster doesn't properly support his motion or explain why he is likely to succeed on the merits of his claims, his injunction motions are denied.

**Discussion**

Temporary-restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[1] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[2] The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only

---

[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).
[2] *Id.* at 20.

show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[3]

Lancaster recites this standard in his injunction motions, but he fails to identify his claims or present any legal argument explaining why they are likely to succeed. In his "success on the merits" section of his motion, he states that "[t]he evidence of the constitutional violations is overwhelming" and offers "Five Smoking Guns" that he believes "establish a near-certain likelihood of success."[4] Those "smoking guns" reference an audio recording of a DAFS agent that Lancaster says contains proof of extrinsic fraud, a "false declaration" from another DAFS agent, conflicting orders between a hearing transcript and the resulting written order, a statement from the state-court judge that she does not "oversee the District Attorney," and "failed emails [that] prove the court system itself is a party to the due process violations."[5]

But Lancaster doesn't provide any context for this "evidence" or explain how it amounts to any particular constitutional violation. The burden is on Lancaster to analyze the facts and evidence he presents under the legal standards applicable to each of his claims and explain why those facts warrant a finding that he is likely to succeed on the merits of those claims. Lancaster's failure to identify his claims, state the legal standards governing those claims, and explain why the evidence he presents satisfies those legal standards means that this court cannot adequately evaluate his motion or conclude that he is likely to succeed on the merits. So I deny his motions.

---

[3] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[4] ECF No. 2 at 4.

[5] *Id.*; *see also* ECF No. 2-1 (exhibits).

**Conclusion**

IT IS THEREFORE ORDERED that Terrell Lancaster's motions for a temporary restraining order and order to show cause why a preliminary injunction should not issue **[ECF Nos. 2, 3] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
October 16, 2025