UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Terrell Avalon Lancaster,<br><br>         Plaintiff<br>v.<br><br>Clark County, et al.,<br><br>         Defendants | Case No.: 2:25-cv-01986-JAD-EJY<br><br>**Order Denying Ex Parte Motion for Temporary Restraining Order and Motion for Order to Show Cause**<br><br>[ECF No. 8] |

Pro se plaintiff Terrell Avalon Lancaster sues Clark County, the District Attorney's Family Support Division (DAFS), various district attorneys, DFAS agents, and state-court judges for alleged constitutional violations stemming from his state-court child-support proceedings. I recently denied his motion for a temporary restraining order because he didn't properly support his motion or explain why he is likely to succeed on the merits of his claims. He now renews his ex parte motion with a more robust filing, contending that specific facts entitle him to an injunction against all defendants that prevents them from taking action related to or arising from his state-court case. But Lancaster is unlikely to succeed on the merits of his claims because immunity likely protects the judge and district-attorney defendants from suit, and this court will likely be required to abstain from intervening in his state-court proceedings. So I deny his renewed motion.

**Discussion**

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[1] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely

---

[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[2] The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[3]

In his renewed motion, Lancaster supports each claim with specific facts that he believes show his entitlement to relief. He claims that the state court lacked jurisdiction over his child-support dispute because a DAFS agent fraudulently induced him to accept service of an order upon consent that created his case.[4] He also contends that his professional driver's license was suspended based on a "never-served 2023 order" in deprivation of his procedural due-process rights.[5] He further alleges that DAFS retaliated against him in violation of his First Amendment rights because three weeks after he filed an emergency motion to challenge the suspension, DAFS "initiated a punitive contempt proceeding against him."[6]

Even if I were to accept Lancaster's representations as true, it's likely that this federal court should abstain from hearing his case. The comity-based abstention doctrine developed in the United States Supreme Court case of *Younger v. Harris* prevents federal courts from

---

[2] *Id.* at 20.

[3] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[4] ECF No. 8 at 3.

[5] *Id.*

[6] *Id.* at 4.

interfering in pending state-court proceedings that implicate important state interests.[7] The Supreme Court and the Ninth Circuit have determined that domestic-relation disputes, like the child-support battle at issue here, are the types of cases that federal courts should refrain from intervening in.[8] Even for cases in which a plaintiff alleges violations of his constitutional rights, this federal court will not intervene unless there is an extraordinary circumstance that creates a threat of irreparable injury that cannot be eliminated through proper motion practice in the state-court case.[9] And "minimal respect for the state processes . . . precludes any presumption that the state courts will not safeguard federal constitutional rights."[10] The allegations in Lancaster's complaint and injunctive-relief motion do not demonstrate that his constitutional concerns would not be addressed by the state court. Though he contends that the family-court judge refused to hear his concerns about the district attorney's conduct, the proper course of action is to challenge those rulings through the state-court appellate process, not to turn to federal court.[11]

---

[7] *Younger v. Harris*, 401 U.S. 37 (1971); *see also Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023) (describing the factors that courts must consider to determine whether *Younger* abstention should apply to a state-court case).

[8] *Moore v. Sims*, 442 U.S. 415, 423, 429 (1979) (applying *Younger* abstention to a case challenging the constitutionality of a family-court custody order); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (applying *Younger* to a state-court custody dispute, noting that the "state has a vital interest in protecting the authority of the judicial system," particularly "in the field of domestic relations, over which federal court have no general jurisdiction").

[9] *See Younger*, 401 U.S. at 52–54.

[10] *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[11] *Dubinka v. Judges of Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("The Supreme Court has held that *Younger* abstention applies to prevent federal intervention in a state judicial proceeding in which a losing litigant has not exhausted his state appellate remedies."); *Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) ("[P]roceedings are deemed on-going for purposes of *Younger* abstention until state appellate review is completed . . . .").

Other legal doctrines likely bar Lancaster's claims. Judicial immunity likely applies to bar suit against the judge defendants.[12] Prosecutorial immunity likely shields the district-attorney defendants and DAFS agents.[13] Because immunity likely applies to the defendants, and *Younger* abstention likely applies to prevent this court's intervention in Lancaster's state-court proceedings, I cannot conclude that Lancaster is likely to succeed on the merits of his constitutional claims.

Lancaster is reminded that, because he seeks to proceed without paying the filing fee in this case, his *in forma pauperis* application must be ruled on and his complaint must be screened by the magistrate judge before this case can advance further.[14] That screening process may take several months.

**Conclusion**

IT IS THEREFORE ORDERED that Terrell Lancaster's motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue **[ECF No. 8] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
November 13, 2025

---

[12] *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("Anglo-American common law has long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" (quoting *Forrester v. White*, 484 U.S. 219, 255 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (holding that a judge is entitled to immunity from suit even if "the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction" (cleaned up)).

[13] *See Safouane v. Fleck*, 226 F. App'x 753, 762 (9th Cir. 2007) ("Absolute immunity attaches to prosecutors and to other officers standing in their shoes for performing the traditional function of prosecutors: 'initiating a prosecution and . . . presenting the State's case.'" (quoting *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc)).

[14] 28 U.S.C. 1915(e)(2).