UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TERRELL AVALON LANCASTER,

Plaintiff,

v.

CLARK COUNTY, et al,

Defendants.

Case No. 2:25-cv-1986-JAD-EJY

**ORDER**
**AND**
**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1-1, 5. The IFP Application is complete and granted below.

As a preliminary matter, Plaintiff filed an Amended Complaint (ECF No. 11) without seeking leave of court. However, the Court exercises its discretion to control its docket and finds screening the Amended Complaint to be efficient under Rule 1 of the Federal Rules of Civil Procedure. The Court dismisses Plaintiff's declaratory and injunctive relief claims as they are barred by *Younger* abstention. To the extent Plaintiff is seeking money damages, the Court recommends his claims be dismissed with prejudice because Plaintiff cannot state a claim against Clark County and all other Defendants are immune.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Nonetheless, unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Plaintiff's Amended Complaint**

Plaintiff alleges various state actors have conspired against him in a state court proceeding that appears to be ongoing. On November 29, 2022, Oscar Hernandez-Fuentes, identified as a case manager for the Clark County District Attorney's Family Support Division ("DAFS"), called Plaintiff regarding a waiver of service for a newly initiated case. ECF No. 11 at 3. Plaintiff alleges Hernandez-Fuentes told him the document had no legal effect as it was merely to create a case number and supposedly, based on this information, Plaintiff signed the document. *Id.* However, what Plaintiff alleges he signed was an "Acceptance of Service" that allowed the state court to acquire personal jurisdiction. *Id.* Plaintiff now characterizes Hernandez-Fuentes's actions as a "bait and switch." *Id.*

At some point in 2023, DAFS filed an "Order to Show Cause" for Plaintiff's nonpayment of child support. *Id.* At a hearing years later, Deputy District Attorney Corey Roberts ("Roberts") represented to the state court that DAFS did not pursue the 2023 Order to Show Cause because Plaintiff was not served with the Order. *Id.* Plaintiff argues this statement was untruthful because records show DAFS contacted the Department of Motor Vehicles in 2023 and had his commercial driver's license suspended on March 31, 2025 based on the Order to Show Cause. *Id.* at 4.

2

On September 2, 2025, Plaintiff appeared before Hearing Master Sylvia Teuton (sometimes "Teuton") and challenged the state court's jurisdiction based on Hernandez-Fuentes's alleged "bait and switch." *Id*. While Teuton stayed the proceedings, Plaintiff nonetheless alleges she filed a contradictory minute order and report and recommendation, which Plaintiff argues undermined his "right to a de novo review by the District Judge." *Id*. Plaintiff filed a "Supplemental Memorandum in Support of Objection" to Teuton's findings. *Id*. Plaintiff says Roberts argued against the merits of his objection at a hearing, but later filed a document with the court stating "no objection has been filed." *Id*. at 5. Lastly, Plaintiff says District Judge Adriana White said she was "not [t]here to oversee the District Attorney" before what the Court liberally construes as making a final determination in Plaintiff's case. *See id.* at 3, 6.

**III.    Discussion**

      a.    <u>*Younger* Requires Dismissal of Plaintiff's Injunctive and Declaratory Relief Claims</u>.

Plaintiff is seeking declaratory and injunctive relief that asks the federal court to invalidate a state court order, reinstate his commercial driver's license, and enjoin all collection efforts against him. ECF No. 11 at 7. In sum, these requests ask this Court to remedy wrongs Plaintiff alleges occurred in state court proceedings. However, long established precedent prevents the federal court from granting Plaintiff's requests.

Under *Younger* abstention (established in *Younger v. Harris*, 401 U.S. 37, 43 (1971)), federal courts are generally precluded from interfering "with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State B. Ass'n*, 457 U.S. 423, 431 (1982). *Younger* abstention applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023) (internal citations and quotations omitted).

Applying this standard to Plaintiff's claims, the Court first finds Plaintiff's state court proceedings are ongoing before the Nevada Court of Appeals.[1]  *See Lancaster v. Bauerle*, Case No. 31372-COA  (Nev.)  https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=73054.   U.S. Supreme Court precedent applying *Younger* holds "the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).  Second, Ninth Circuit precedent confirms family relations to be an area of important state interest.  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  Third, the Court finds there are adequate opportunities for Plaintiff to litigate his constitutional claims in state court as "state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003).  And *Younger* abstention applies "even if the constitutionality of the pending proceedings is at the heart of Plaintiff's claim."  *Id.*  Fourth, Plaintiff is seeking injunctive and declaratory relief thus demonstrating abstention is appropriately granted.  ECF No. 11 at 7.  *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (when injunctive relief is sought and *Younger* applies, the federal court is to "refrain from exercising jurisdiction, *permanently* by dismissing the federal action.").

Further, the Court finds the exceptions to *Younger* do not apply here.  Plaintiff asserts no facts to support an extraordinary circumstance meeting the standards found in *Bean v. Matteucci*, 986 F.3d 1128 (9th Cir. 2021) (forcible administration of antipsychotic medications) or *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018) (over six months incarceration without a constitutionally adequate bail hearing).  Plaintiff alleges various constitutional violations in relation to the suspension of his commercial driver's license (ECF No. 11 at 5-6); however, these issues may be adequately addressed in state court.  Based on the foregoing, the Court dismisses Plaintiff's claims for injunctive and declaratory relief without prejudice.

---

[1]    In Plaintiff's Emergency Motion for Reconsideration, he noted the matter is on appeal to the Nevada Supreme Court.  *See* ECF No. 10 at 3.  The Court takes judicial notice of the docket in that pending case.  *See* Fed. R. Evid. 201(b)(2) (court may take judicial notice of adjudicative fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

b.    Plaintiff Claims Against Immune Defendants Are Dismissed.

*1.    Judge White and Hearing Master Teuton are entitled to judicial immunity.*

Case law is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  In fact, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)).  The immunity afforded judges is not absolute.  A judge lacks immunity where he acts in the "clear absence of all jurisdiction," *Bradley*, 80 U.S. 335, 351, or performs an act that is not "judicial" in nature, *Stump v. Sparkman*, 435 U.S. 349, 360 (1978).  Whether an act is judicial depends on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.  Similarly, Hearing Masters are entitled to quasi-judicial immunity for actions taken in relation to the judicial process.  *Silver v. Wolfson*, Case No. 2:19-cv-00032-APG-BNW, 2019 WL 4786049, at *3 (D. Nev. Sept. 30, 2019) (citing *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)).

All Plaintiff's allegations related to Judge White and Hearing Master Teuton concern actions normally performed by judges.  These acts include reviewing the record, applying the law, making findings, and issuing orders.[2]  Plaintiff alleges the Hearing Master falsified the judicial record by entering contradictory orders and recommendations when she had previously stayed the case at a hearing.  ECF No. 11 at 6.  Setting aside the lack of clarity surrounding what specifically the Hearing Master ruled to stay, and what she ruled to deny, judicial immunity applies all the same.  *See Darulis v. San Diego Police Officers Gotts #6236*, Case No. 15-cv-864-CAB (BGS), 2016 WL 10674024 (S.D. Cal. Feb. 1, 2016), *aff'd sub nom. Darulis v. Gotts*, 698 Fed.Appx. 443 (9th Cir. 2017) (unpublished) (citing out of circuit caselaw demonstrating judicial immunity applies even when a judge maliciously directs a court reporter to alter a record).

---

[2]    While Plaintiff alleges the state court never acquired personal jurisdiction over him and, thus acted in an absence of jurisdiction, this is not a relevant inquiry for purposes of judicial immunity.  *Silver*, 2019 WL 4786049 at *3; *see also Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) ("Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party.").

Although Plaintiff seeks damages against Judge White and Hearing Master Teuton, ordinarily warranting a temporary stay "until such time as the state proceedings is no longer pending," *Gilbertson*, 381 F.3d at 981, these Defendants are immune from suit.  Thus, the Court recommends Plaintiff's claims against Judge White and Hearing Master Teuton be dismissed with prejudice.

> 2.    *Plaintiff's claims against District Attorney Steven Wolfson in his official capacity fails as a matter of law.*

Though it is unclear what unconstitutional act Plaintiff alleges the District Attorney committed, the Eleventh Amendment bars Plaintiff's § 1983 suit against District Attorney Wolfson. That is, the Eleventh Amendment precludes claims against a State unless the state has waived its sovereign immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  A suit against a state or local official in his/her official capacity is treated as a suit against the State and is therefore barred by the Eleventh Amendment.  *Id.* at 71.  For this reason, the Court recommends all of Plaintiff's claims against Steven Wolfson in his official capacity for money damages be dismissed with prejudice.  *Id. at* 70-71.

> 3.    *Deputy District Attorney Roberts is entitled to absolute prosecutorial immunity as is Hernandez-Fuentes.*

Prosecutors are entitled to absolute immunity for initiating a legal action and presenting the State's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Additionally, "officers standing in … [the] shoes" of prosecutors to perform the same traditional functions—initiating a prosecution and presenting it at court—are entitled to absolute immunity.  *Safouane v. Fleck*, 226 Fed.Appx. 753, 762 (9th Cir. March 30, 2007) (citing *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc)).  Even "an allegation of conspiracy to affect the outcome does not defeat the immunity." *Id.* (citing *Imbler*, 424 U.S. at 409).  In the criminal context, prosecutors would also be entitled to absolute immunity for their decision to prevent false testimony or to withhold exculpatory evidence before, during, or after trial may be a violation of *Brady v. Maryland,* 373 U.S. 83, 87 (1963).  *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003).

Here, Plaintiff alleges Roberts made false representations to the state court regarding whether DAFS acted upon the 2023 Order to Show Cause and whether an objection was filed. ECF No. 11 at 6-7. These actions—even if willful as Plaintiff alleges—are the type of actions going to the core of the prosecutor's role as an advocate for the state; that is, submitting argument to the court. *See Broam*, 320 F.3d at 1129-30. Accordingly, the Court finds absolute prosecutorial immunity bars Plaintiff's claims against Roberts and recommends all claims against this Defendant be dismissed with prejudice.

The Court further finds Plaintiff fails to state a claim against that Hernandez-Fuentes who Plaintiff alleges made a misrepresentation regarding the legal nature of a document he asked Plaintiff to sign. The document at issue was a waiver of service of process, which is clearly associated with the judicial process as it may commence proceedings in court. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) ("the common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process."), *Ridgway By & Through Ridgway v. Cordes*, 967 F.2d 590 (9th Cir. 1992) ("Public officials are entitled to absolute immunity if they perform functions integral to the judicial process"). Thus, the Court finds Hernandez-Fuentes is entitled to absolute immunity and the claims asserted against him should be dismissed with prejudice.

    c.      Plaintiff's *Monell* Claim Fails as a Matter of Law.

To the extent Plaintiff seeks to assert a claim against Clark County he fails to do so. Under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978), municipalities like Clark County can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipality like Clark County under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted). Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of the three following liability theories. *Thomas v. County of Riverside*,

7

763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam).  A local governmental entity like Clark County may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).  Alternatively, Clark County may be held liable for a "longstanding practice or custom" that violates a constitutional right.  *Thomas*, 763 F.3d at 1170 (citation omitted).  Finally, Clark County may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'"  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff appears to contend Clark County is liable for constitutional violations because Judge White acted as a "final policymaker" by issuing a ruling that had the effect of ratifying all decisions about which he complains.  *See* ECF No. 11 at 3, 6.  However, judges are not municipal decisionmakers when they act as a state judicial actor—exactly the role in which Judge White's decisions were made.  *Eggar v. City of Livingston*, 40 F.3d 312, 315-316 (9th Cir. 1994) (collecting cases); ECF No. 11 at 3-6.  Even if her decisions were contrary to state or federal law, "it is lamentable, but irrelevant" to the *Monell* inquiry.  *Eggar*, 40 F.3d at 315.

To the extent Plaintiff characterizes Judge White's actions as "establishing a custom or policy," the theory is equally unavailing.  *See* ECF No. 11 at 6-7.  "Liability for improper custom may not be predicated on isolated or sporadic incidences; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Taking as true Plaintiff's allegations—as the Court must—they amount to an isolated instance of improper conduct.

Because it appears there can be no further facts Plaintiff could allege to state a *Monell* claim against Clark County, the Court recommends this claim be dismissed with prejudice as amendment would be futile.

## IV.     Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) and Amended Complaint (ECF No. 11) must be filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's claims for injunctive and declaratory relief is dismissed without prejudice.

## V.     Recommendation

IT IS HEREBY RECOMMENDED Plaintiff's claims against Judge Adriana White, Hearing Master Sylvia Teuton, District Attorney Steven Wolfson, Deputy District Attorney Corey Roberts, Oscar Hernandez-Fuentes, and Clark County be dismissed with prejudice.

DATED this 11th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).